PER CURIAM.
Petitioner D.A.R. asks this Court to review the recommendations of the Florida Board of Bar Examiners. We have jurisdiction. Art. V, § 15, Fla. Const. For the reasons expressed below, we approve the Board’s recommendation that D.A.R. not be admitted to The Florida Bar at this time.
D.A.R. has filed three applications for admission to The Florida Bar. The first two were terminated for failure to comply with the Board’s requests for information. D.A.R. filed his third application on April 24, 1996. On March 22, 1997, the Board filed specifications against D.A.R. and on February 9, 1998, supplemental specifications were filed. Specification 1(A) alleged that D.A.R. engaged in domestic violence during his marriage from June 1978 to June 1983. Specification 1(B) alleged that D.A.R. committed domestic violence in a subsequent marriage on his then-pregnant wife on at least two occasions. Specification 1(C) alleged that while a law student, in a divorce proceeding involving his second wife, D.A.R. represented himself and sought custody of his child from that marriage and that the judge, in open court, stated that D.A.R.’s position in the case was “absurd” given that D.A.R. had never seen the child, could not support himself, and had no living accommodations for the child. Specification 1(D) charged D.A.R. with failing to pay child support and costs for the birth of his child as ordered by the court. Specification 1(E) alleged that during his marriage to a third woman in 1986, a restraining order was issued against him and that he violated this order. Specification 1(F) alleged that in July 1986, D.A.R. committed battery against his third wife, that he was arrested and charged with battery of a spouse, and that his commission of this battery violated the restraining order referred to in 1(E). Specification 1(G) alleged that in 1992, D.A.R.’s fourth wife petitioned for an injunction against domestic violence and described several instances of domestic violence in her sworn petition. Further, the specification alleged that an injunction was issued. Specification 1(H) alleged that in 1996 a lawsuit was filed against D.A.R. and that he did not serve a copy of his answer on the plaintiffs attorney as required by the rules of civil procedure. Specification 1(1) alleged that from 1993 to 1996, D.A.R. engaged in the unlicensed practice of law and that the matter was resolved by his execution of an affidavit in which he agreed not to engage in certain conduct which constituted the unlicensed practice of law. Specification 1(J) alleged that on April 18, 1997, D.A.R. struck his fourth wife in the face and was arrested and charged with aggravated battery, and that the state agreed to nol pros the charges provided he successfully complete a Family Violence Program.
Specification 2(A)-(E) alleged various instances of financial irresponsibility on D.A.R.’s part. Specification 3 alleged that in his first application for admission to the bar, D.A.R. gave a false and misleading description of an automobile accident for which his license was suspended. Specification 4 alleged that in several different communications with the Board, D.A.R. misrepresented what had been told to him by a Board employee regarding the possible termination of his application. Specification 6 alleged that D.A.R. gave false testimony at his 1997 investigative hearing regarding physical altercations with his current wife. Specification 7 alleged that D.A.R. failed to timely amend his most recent application for admission to the bar to disclose his arrest, in April 1997, for battery on his current wife.
After a formal hearing, the Board found Specifications 1(A), 1(B), 1(C), 1(E), 1(F), 1(G), 1(1), 1(J), 3, 4, 6, and 7 proven, in many instances based on the fact that D.A.R. admitted the allegations. The Board dismissed Specification 2 and found Specifications 1(D), 1(H), and 5 not proven. Further, the Board concluded that proven *1290 Specification 7 was disqualifying individually or when viewed collectively with the other proven disqualifying conduct and that Specifications 1(A), 1(B), 1(C), 1(E), 1(F), 1(G), 1(1), 1(J), 3, 4, and 6 were disqualifying when viewed collectively with the other proven disqualifying conduct. Finally, the Board found that D.A.R.’s presentation with regard to rehabilitation was insufficient to overcome the seriousness of the proven specifications and specifically stated that D.A.R. displays malice and ill feeling toward members of the Board staff. D.A.R. now seeks review of the Board’s recommendation that he not be admitted to The Florida Bar at this time.
In a three-page facsimile transmission which we assume is intended to serve as his brief, D.A.R. complains of several “irregularities” which occurred .during the formal hearing process. Even if meritorious, which they are not, the arguments submitted by D.A.R. relate only to Specifications 1(G) and 2. Specification 2 was dismissed. Accordingly, any arguments related to that specification are moot. Further, although 1(G) was found proven and disqualifying, even if this Court were to find that the Board erred in finding this specification proven or in concluding that it is disqualifying, the remaining proven specifications are sufficient when considered in the aggregate to justify denying D.A.R. admission to the bar at this time.
The remaining proven specifications show a long history of unacceptable behavior which is indicative of serious character shortcomings and which is completely inconsistent with fitness to practice law in Florida. Further, D.A.R. has shown no rehabilitation from his past misdeeds and, as the Board found, he shows extreme malice and ill will towards members of the Board’s staff. While the thrust of some of D.A.R.’s arguments seems to be that he has been unfairly treated by the Board, he does not explain how the perceived mistreatment affects the validity of the Board’s findings of fact as to the unchallenged specifications and its conclusion that the proven, and for the most part admitted, specifications are disqualifying. Accordingly, the Board’s recommendation that D.A.R. not be admitted to The Florida Bar at this time is approved.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.